

**FILED**

Aug 11 2023, 10:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jason M. Kuchmay
Snyder, Morgan, & Kuchmay, LLP
Fort Wayne, Indiana

James A. Federoff
Federoff Law, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Maggie L. Smith
Darren A Craig
Frost Brown Todd LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kay E. Morken, | August 11, 2023 |
| *Appellant-Defendant,* *Third-Party Plaintiff* | Court of Appeals Case No. 23A-PL-295 |
| v. | Appeal from the Steuben Circuit Court |
| Michael L. Koltz, | The Honorable Allen N. Wheat, Judge |
| *Appellee-Plaintiff,* *Third-Party Defendant* | Trial Court Cause No. 76C01-2006-PL-232 |

**Opinion by Judge Vaidik**
Judges Mathias and Pyle concur.

**Vaidik, Judge.**

# Case Summary

After years of disagreement over an easement on his property, Michael Koltz sued his neighbor, Kay Morken, seeking a declaratory judgment, an injunction, and damages. After Morken successfully defended against the claim, she sought attorney's fees under Indiana Code section 32-30-6-7, which addresses nuisance actions. The court denied fees, and Morken now appeals. Finding that Morken is entitled to fees under the statute, we reverse.

# Facts and Procedural History

Koltz owns a home abutting Lake George in Fremont. The property includes an easement granting several neighbors, including Morken, ingress and egress to the lake. After Morken purchased her home in 2017, the parameters of the easement became a source of friction. Specifically, Koltz planted landscaping within the easement, which Morken contended obstructed her access to the lake. Koltz refused to remove the landscaping, so Morken had it removed in April 2022.

Koltz then filed suit against her. The complaint alleged two counts. The first, captioned "Declaratory Judgment," sought a declaration from the court as to the parties' rights regarding the easement, specifically that Morken does not have the right to remove landscaping from the easement, as well as an injunction preventing her from doing so. Appellant's App. Vol. II p. 38. The

second, captioned "Nuisance," cited Indiana Code section 32-30-6-7 and stated that Morken's "activities in removing the Landscaping and threats to remove the Landscaping . . . constitute a nuisance" and requested damages. *Id.* at 40.

[4] In Morken's response, she presented several counterclaims, similarly requesting a declaration as to the parties' rights, an injunction against Koltz, and damages. Both parties eventually filed for summary judgment. The trial court granted summary judgment for Morken, finding Koltz's landscaping obstructed the easement and ordering him to remove any remaining landscaping. A damages hearing was held, and Morken requested attorney's fees under Section 32-30-6-7. The trial court awarded no attorney's fees, finding in part that Koltz's nuisance claim did not request the alleged nuisance be abated or enjoined and therefore Section 32-30-6-7 did not apply.[1]

[5] Morken now appeals on the issue of attorney's fees.

## Discussion and Decision

[6] Morken challenges the trial court's decision to deny her attorney's fees. Generally, a court's decision to grant or deny an award of attorney's fees is reviewed for an abuse of discretion. *Knowledge A-Z, Inc. v. Sentry Ins.*, 857

---

[1] Morken also asked for attorney's fees under Indiana's frivolous-litigation statute, Ind. Code § 34-52-1-1, which the court denied. She does not challenge this decision on appeal.

N.E.2d 411, 423 (Ind. Ct. App. 2006), *trans. denied*. However, the court's legal conclusions are reviewed de novo. *Id.*

[7] Morken requested attorney's fees under Section 32-30-6-7, which provides in part,

> (a) An action to abate or enjoin a nuisance may be brought by any person whose:
>
>> (1) property is injuriously affected; or
>>
>> (2) personal enjoyment is lessened;
>
> by the nuisance.
>
> ***
>
> (d) A person that successfully defends an action under this section is entitled to reasonable costs and attorney's fees incurred in defending the action.

"If a proper case is made, the nuisance may be enjoined or abated and damages recovered for the nuisance." Ind. Code § 32-30-6-8. Generally, a nuisance claim contemplates an action designed to cease or lessen the defendant's behavior. *KB Home Ind. Inc. v. Rockville TBD Corp.*, 928 N.E.2d 297, 307 (Ind. Ct. App. 2010).

[8] Koltz contends, and the trial court found, that Morken is not entitled to fees because Koltz's complaint did not include a request to "abate or enjoin" a nuisance under Section 32-30-6-7. We disagree.

[9] When determining the categorization of a claim, we "look beyond the labels used by [the plaintiff] and look instead to the substance and central character of the complaint, the rights and interests involved, and the relief demanded." *Alvarado v. Nagy*, 819 N.E.2d 520, 525 (Ind. Ct. App. 2004). Here, it is clear from Koltz's complaint that he was requesting an abatement of an alleged nuisance. The first count, although not explicitly referencing nuisance, asks for a declaration that Morken cannot remove the landscaping and an injunction prohibiting her from doing so. He then alleges that exact behavior—removing and threatening to remove the landscaping—is a nuisance, cites Section 32-30-6-7, and asks for damages under that statute. Altogether, this is a request to abate or enjoin a nuisance. Therefore, under Section 32-30-6-7 Morken is entitled to fees for successfully defending against it. We reverse and remand for the determination of appropriate attorney's fees.

[10] Reversed and remanded.

Mathias, J., and Pyle, J., concur.